FILED
SUPERIOR COURT
OF GUAM

2019 OCT 28 PM 1:49

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO. CF0681-10**<br>**CF0161-11** |
| vs. | |
| **JOEY J. SANCHEZ,**<br>DOB: 07/21/1973 | **DECISION AND ORDER**<br>Motion to Revoke Probation |
| **DEFENDANT.** | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 31, 2019, upon a Motion to Revoke Probation over **JOEY J. SANCHEZ** ("Defendant"). Assistant Attorney General Dannis L. Le represented the People of Guam (the "People"). Assistant Public Defender Theresa G. Rojas represented Defendant. Upon review of the written and oral arguments of the Parties, the Court hereby **GRANTS** the People's Motion to Revoke Probation. A Sentencing Hearing is hereby set for _12/24/19 @ 10 a.m._. The Probation Services Division ("Probation") is ordered to conduct a pre-sentencing investigation and file a Pre-Sentencing/Revocation Report by _11/26/19_. The Parties are ordered to file sentencing memoranda, if any, by _12/19/19_.

### BACKGROUND

On June 8, 2011, Defendant pled guilty to the following charges under his plea agreement. In Criminal Case Number **CF0161-11**, Defendant pled guilty to **POSSESSION WITH INTENT TO DELIVER A NON-CONTROLLED SUBSTANCE WHILE REPRESENTING IT TO BE A CONTROLLED SUBSTANCE (As a Second Degree Felony)**, in violation of 9 GCA §§ 67.40(a)

and (d) (2011). In Criminal Case Number **CF0681-10**, Defendant pled guilty to **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)**, in violation of 9 GCA §§ 67.401.2(a) and (b)(1). The Court issued an Amended Judgment on June 11, 2012. Defendant was sentenced to, *inter alia*, probation for a period of five years if he was unable to enroll in the Residential Substance Abuse Treatment ("RSAT") Program at the Department of Corrections and several other conditions. The conditions relevant to this Decision and Order are as follows:

> [a.] Defendant shall pay a fine in the amount of five thousand dollars ($5,000.00), plus court costs . . . [;]
>
> [b.] Defendant shall perform two hundred (200) hours of community service work . . . [;]
>
> [c.] Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court . . . [;]
>
> [d.] Defendant shall report to the Probation Office at least three times per week or as ordered by the Court, and at those times will take a drug test if requested. Failure to take the drug tests, if requested, will be considered a violation of probation . . . [;]
>
> [e.] Defendant shall not possess or consume any illegal controlled substances; . . .
>
> [f.] Defendant shall obey all federal and local laws of Guam; and
>
> [g.] Defendant shall abide by any other reasonable conditions imposed by the Court or the Probation Office[.][1]

*(Amended Judgment 1-7, June 11, 2011.)*

Defendant's probationary period began on June 8, 2011, and was set to end on June 8, 2016. Five days into probation, Violation One was filed against Defendant on June 13, 2011. By May 26, 2016, Defendant had violated his conditions 14 times. During his 14th Violation Hearing, Defendant was reported to be doing well in residential treatment. Based on his progress, his probationary period was extended to December 31, 2016. The additional time gave Defendant an opportunity to complete his probation conditions. However, by June 15, 2018, Defendant now had 16 violations since probation began. As a result, Defendant served a 90-day sanction at the Department of Corrections and was released on September 12, 2018.

In lieu of total revocation, Defendant entered the Guam Immediate Violation Enforcement ("GIVE") Program on September 24, 2018. The Honorable Anita A. Sukola sentenced Defendant to two years of probation, which was to expire on September 23, 2020. However, by April 19, 2019,

---

[1] The conditions have been renamed for concision.

Defendant had six violations since GIVE began– surpassing the five violation limit. On May 8, 2019, Probation filed an Informational Report on Defendant. The Report stated that in addition to his six violations, Defendant had failed to submit proof of his completion of a drug rehabilitation program; make monthly payments towards his fines, court costs, and confirmation fees;[2] and complete 251 hours of community service.

The People filed a Motion to Revoke Probation on June 25, 2019. On June 26, 2019, Defendant was served notice of the Motion and oral argument. Defendant filed his Amended Qualified Opposition and his Amended Declaration in support of his Opposition by July 29, 2019.[3] A Motion Hearing was held on July 31, 2019, where the Court took the matter under advisement.

### I. Defendant's Violations in GIVE.

1. Violation One was reported on October 3, 2018, for Defendant's consumption of an illegal controlled substance, *i.e.* methamphetamine (or "meth"). On this date, Defendant reported to Probation and tested positive for meth. He admitted to ingesting meth on October 2, 2018, via a signed declaration. This was Defendant's first positive result while in GIVE and his 12th in total. *(Informational Report 1, May 8, 2019.)*

2. Violation Two was reported on October 19, 2018, for Defendant's failure to report as instructed. Defendant did not report on October 15, 2018 for his weekly check-in. Probation contacted him on October 17, 2018; Defendant stated he was sick and would not be reporting for his scheduled GIVE meeting. Defendant was instructed to report later in the day and provide a doctor's note; he did neither. Later, on October 22, 2018, Defendant reported to Probation and submitted a doctor's note from Southern Region Community Health Center dated October 18, 2018. However, Probation confirmed the note was forged. Id. at 2.

3. Violation Three was reported on February 19, 2019, for Defendant's failure to report as instructed. Defendant did not report to Probation on February 15, 2019. Probation

---

[2] Defendant's monetary conditions total to five thousand and two hundred dollars ($5,200.00). His last payment was on September 30, 2015, for two hundred and forty dollars ($240.00).

[3] Defendant's Qualified Opposition was filed on July 19, 2019; and his Declaration in Support was filed on July 26, 2019.

instructed him to report later in the day; he did not. On February 18, 2019, Defendant, again, failed to report to Probation. Attempts to contact Defendant were unsuccessful. A Warrant of Arrest was issued for Defendant, who was detained on February 25, 2019. Defendant submitted a doctor's note excusing him from February 15-20, 2019; however, although valid, the note suggested Defendant was still able to walk and check in. Id. at 3.

4. Violation Four was reported on February 25, 2019, for Defendant's consumption of an illegal controlled substance, i.e. methamphetamine. During his arrest for the third violation, Defendant admitted to ingesting meth via a signed declaration dated February 21, 2019. This was Defendant's second positive result while in GIVE and his 13th in total. Id.

5. Violation Five was reported on March 26, 2019, for Defendant's consumption of an illegal controlled substance, i.e. methamphetamine. On this date, Defendant reported to Probation and tested positive for meth. He admitted to ingesting meth on March 24, 2019, via a signed declaration. This was Defendant's third positive result while in GIVE and his 14th in total. Id.

6. Violation Six was reported on April 19, 2019, for Defendant's consumption of an illegal controlled substance, i.e. cocaine. Defendant reported to Probation on April 3, 2019, and tested positive for cocaine. He opted to challenge the drug test, which was later confirmed positive. This was Defendant's fourth positive result and first challenged test while in GIVE. Moreover, this was his 15th positive result and fifth challenged test in total. Id. at 3-4.

**DISCUSSION**

The People seek an Order from this Court revoking Defendant's probation due to his numerous violations. *(Motion to Revoke 1.)* Defendant opposes– urging the Court to implement a less onerous sanction. Specifically, Defendant asks the Court for an opportunity to attend and complete the next RSAT cycle, to wit, the 26th RSAT cycle. *(Amended Qualified Opposition 1-2.)* Defendant argues his Amended Judgment called for his admission into the 18th RSAT Cycle; however, he had no option to attend. Id. Defendant acknowledges his need for treatment and

accepts– also prefers– incarceration until treatment is extended. Id. at 2. He requests for his release, thereafter. Id. at 1-2.

Under Guam Code Annotated ("GCA") Section 80.66, Revocation of Probation, it states:

> [A]t any time before the discharge of the offender or the termination of the period of suspension or probation: . . . [t]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2) (2017). When revocation does occur, Guam law empowers the court to sentence a defendant to any sentence that may have been originally imposed for the crime a defendant was convicted of. See 9 GCA § 80.66(b). The decision to revoke probation is discretionary; there is no bright-line rule for when revocation is appropriate. See U.S. v. Gallo, 20 F.3d 7, 14-15 (reasoning "[w]hen revocation of probation is committed to judicial discretion, judges should not regard it as a routine response to every probation violation. Rather, revocation should be reserved for those instances in which the case history, coupled with the probationer's behavior, indicates that it is a fair, just and sensible outcome.").

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." People v. Camacho, 2009 Guam 6 ¶ 26. Nonetheless, revocation still "implicates a liberty interest, which entitles [a defendant] to some procedural due process." Id. Although probationers lack the "full panoply of due process rights due other criminal defendants," probationers facing revocation are still entitled: "(1) notice of claimed violations, (2) [an] opportunity to appear and present evidence, (3) the conditioned right to confront adverse witnesses, (4) an independent decision maker, and (5) a written report of the hearing." Id.

Probation revocation is a two-step analysis: First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." Id. at ¶ 27. If the violation is proven, "the court must determine if the violation warrants revocation of probation." Id. "Guam law provides that an evidentiary hearing be held on the revocation and providing for cross-examination of witnesses and representation of counsel." Id. at ¶ 28. By contrast, if a probationer

admits to a violation, "the procedural due process safeguards and an evidentiary hearing are not necessary." Id. By way of admission, the violation requires no further proof, the court may then "proceed to the second step of the inquiry and determine whether the violation warrants revocation . . . [but] the probationer must be given an opportunity to present evidence that explains and mitigates his violation." Id.

### I. Defendant Violated His Conditions of Probation.

The standard for determining if a probationer violated a condition of his probation is whether "the evidence and the facts [are] . . . reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30. The court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." Id. (brackets omitted).

A probationer's conduct is not required by his probationary conditions if the probationer admits to the violation's underlying conduct and lacks sufficient excuse for his failures. See Camacho, 2009 Guam 6 ¶ 31 (finding a defendant in violation of a condition of probation where his only excuse for not attending and completing a treatment program was that no specific date was noted in the court's judgment, where the judgment provided the defendant should report to the program within seventy-two hours from release or his guilty plea, whichever was later).

Defendant's GIVE violations involve using illegal controlled substances and failing to report as required. For Violations One, Four and Five, Defendant admitted to ingesting illicit drugs through signed declarations; therefore, no further proof is required. For Violations Two and Three, Defendant failed to report as required by his Amended Judgment; Defendant missed his weekly check-ins and one scheduled GIVE meeting. Defendant attributed these absences to illnesses, and so Probation requested he report later in the day with a doctor's excuse. For Violation Two, Defendant submitted a doctor's excuse from the Southern Region Community Health Center; however, Probation confirmed it as forged. For Violation Three, he submitted a doctor's excuse from Dr. Arcilla's clinic. Although valid, the note suggested Defendant was still able to walk and check in. Thus, Defendant's absences without sufficient excuse were violations of his probation conditions. For Violation Six, Defendant tested positive for drugs at Probation; the result was confirmed positive

after a second testing. Due to his positive drug test results, it was apparent Defendant violated his condition against ingesting illegal controlled substances. Therefore, the Court finds Defendant's six violations are substantiated.

## II. Defendant's Violations Do Not Warrant Revocation.

A finding that a defendant is in violation of probation does not end a court's inquiry. The court must also determine whether the violation warrants revocation. The United States Supreme Court reasons:

> [T]he State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine.

Bearden v. Georgia, 461 U.S. 660, 671-72 (internal citations and quotations omitted).

Revocation is warranted when a probationer's violation upsets the intent of his probation conditions. See Camacho, 2009 Guam 6 ¶ 31 (holding that (1) when the probationer is convicted of a drug-related offense, violating the condition to report for drug tests warrants revocation because the purpose of the condition was to ensure the probationer's sobriety; (2) however, violating the condition to pay a fine does not warrant revocation because the condition alone is not a serious enough factor compared to a condition for drug testing); see also, U.S. v. Nolan, 932 F.2d 1005, 1006 (1st Cir. 1991) (reasoning that violating a condition of special psychiatric treatment condition warranted revocation because the probationer was convicted of receiving visual depictions of minors engaged in sexually explicit conduct, and the probationer unilaterally terminated his treatment participation which was intended to correct his sexual proclivity toward children).

The facts in this matter are identical to those of Camacho. Camacho at ¶¶ 3, 7-8. Defendant's six violations implicate two conditions, i.e. to report as instructed and to stay away from illicit drugs. A focal point of Defendant's Amended Judgment is rehabilitation. Hence, not reporting as instructed and continuing to ingest illicit drugs directly frustrate these conditions. Reporting to Probation allows Defendant accountability in his actions, e.g. not ingesting drugs to prevent positive drug tests. Moreover, steering clear of illicit drugs ensures Defendant is clean and sober. For this reason,

Defendant's violations are considered substantial enough to warrant revocation. See Camacho at ¶¶ 31-32 (holding because drug tests ensure sobriety, a probationer's failure to report for drug testing– especially when convicted for a drug-related offense– becomes a substantial violation that warrants revocation.)

In addition to his GIVE violations, Defendant has failed to prove he completed a drug rehabilitation program; make monthly payments towards his fines, court costs, and confirmation fees; and complete 251 hours of community service. Like earlier, Defendant's failure to prove he completed a drug rehabilitation program directly upsets the goal of his conditions and Amended Judgment, which is sobriety. As to his community service and fines, the Guam Supreme Court has shown consonance with a lower court's opinion that the condition to pay fines is not as serious as a condition for drug tests. Camacho at ¶ 32 (supporting the lower court's opinion that a failure to pay a fine is not a substantial factor compared to drug tests when determining revocation.) Nevertheless, Defendant's conditions have been pending since his probation began in 2011. So although these alone may not warrant revocation, his failure to complete payment and community service combined with his drug-related violations demonstrate an overall pattern of noncompliance.

The Court finds that Defendant's violations are substantial enough to warrant revocation. Therefore, in order to "best satisfy the ends of justice and the best interests of the public[,]"[4] the Court finds it appropriate that Defendant's probation be revoked.

## CONCLUSION

By preponderance of the evidence and based on the foregoing conclusions, the Court **GRANTS** the People's Motion to Revoke Probation of Defendant Joey J. Sanchez.

**SO ORDERED** this _28_ day of October 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG Prosecution
PDSC
Date: 10/28/19 Time: 2:00pm
Antonio Cruz
Deputy Clerk, Superior Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

[4] 9 GCA § 80.66(a)(2).